SAGAR RAICH, ESQ.
Nevada bar No. 13229
BRIAN SCHNEIDER, ESQ.
Nevada Bar No. 15458
RAICH LAW PLLC
2280 E. Pama Lane
Las Vegas, NV  89119
Telephone: (702) 758-4240
Facsimile: (702) 998-6930
Email: sraich@raichattorneys.com
Email: bschneider@raichattorneys.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## STATE OF NEVADA

| | |
|---|---|
| PAULA WILLIAMS, an individual; | Case No.: |
| Plaintiff, | Dept. No.: |
| v. | **COMPLAINT** |
| BRENDA SCHULTE, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive. | |
| Defendants, | |

COMES NOW, Plaintiff PAULA WILLIAMS**,** by and through her counsel of record, SAGAR RAICH, ESQ. and BRIAN SCHNEIDER, ESQ., of the law firm RAICH LAW PLLC, and hereby files her Complaint against above-named Defendants, and each of them, and for her causes of action, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this civil action pursuant to 28.U.S. Code Section 1332.

2. This Court is the proper venue pursuant to 28 U.S. Code Section 1391.

3. This Court has jurisdiction over the Defendants as the acts and omissions complained of herein were committed in the airspace above Clark County, Nevada and thus Defendants have had sufficient minimum contacts with this forum such that exercise of personal jurisdiction over them will not offend the traditional notions of fair play and substantial justice.

**PARTIES**

4. That at all times relevant to this action, Plaintiff, PAULA WILLIAMS was a resident of the County of Clark, State of Nevada.

5. That upon information and belief, and at all relevant times herein, Defendant BRENDA SCHULTE, was a resident of the State of Oregon who visits the County of Clark, State of Nevada for business purposes regularly.

6. Upon information and belief, at all times relevant herein, Defendant DOES I through X and ROE BUSINESS ENTITIES I through X herein, each Defendant was the agent, employee, servant or corporate employer of the other and acting within the scope and purpose of said agency, employment, service or corporate activity and a resident of Clark County, State of Nevada.

7. Plaintiff does not know the true names of Defendants Does I through X and sues said Defendants by fictitious name or corporate activity. Upon information and belief, each of the Defendants designated herein as Doe is legally responsible in some manner for the events alleged in this Complaint and actually, proximately, and/or legally caused injury and damages to Plaintiff. Plaintiff will seek leave of the Court to amend this Complaint to substitute the true and correct names for these fictitious names upon learning that information.

8. Plaintiff does not know the true names of Defendants Roe Business Entities I through X and sues said Defendants by fictitious names. Upon information and belief, each of the Defendants designated herein as Roe Business Entities I through X are predecessors-in-interest, successors-in interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or Defendants named herein; and/or are entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by  the Plaintiff herein.

9.  Upon information and belief, each of the Defendants designated as a Roe Business Entity is in some manner negligently, vicariously, and/or statutorily responsible for the events alleged in this Complaint and actually, proximately, and/or legally caused damages to Plaintiff.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein and incorporates the same herein by reference.

11.  On or about April 18, 2023, Plaintiff PAULA WILLIAMS was working as a flight attendant for Frontier Airlines on Flight 2017 traveling from Portland, Oregon to Las Vegas, Nevada.

12.  Defendant, BRENDA SCHULTE, was a passenger on the flight seated in seat 24D.

13.   During service, Defendant BRENDA SCHULTE, became belligerent with flight attendant David Lucas.

14.  To quell the situation, Flight Attendant David Lucas requested that Plaintiff assist the passenger.

15.   Plaintiff asked Defendant SCHULTE what she needed help with.

16.   Defendant, while using profanity told Plaintiff her table was dirty.

17. Plaintiff offered her napkins.

18. As Plaintiff was reaching to hand them to her, Defendant SCHULTE slapped her hand really hard, saying "I don't want that shit".

19. Plaintiff then asked her if she realized she had assaulted her.

20. Defendant then replied, "Nobody slapped you,".

21.  Plaintiff then returned to the cart and had Flight Attendant David Lucas report to the captain that Plaintiff had been verbally and physically assaulted.

22.  Passengers in seats 25D, E, and F witnessed the assault and battery and apologized to plaintiff for Defendant Schulte's behavior.

23.   The passenger in seat 25C asked if Plaintiff if she gets hazard pay for belligerent passenger assaults.

24.  At that point service was concluded and the cart was put away.

25.  Flight Attendant David Lucas reported the incident to Flight Attendant A, who reported it to the captain.

26.  The Police were called.

27.  The FBI wrote a report and charged the Defendant with 18 USC 113(A)(4) Assault by striking, beating or wounding.

28.  Ms. SCHULTE waived her appearance at court and paid $500.00 for her fine and a $30.00 processing fee.

### FIRST CLAIM FOR RELIEF
### ASSAULT

29. Plaintiff hereby repeats, re-alleges, and incorporates by reference herein all prior allegations in this Complaint.

30. On April 18, 2023, Defendant BRENDA SCHULTE became verbally and physically abusive to Plaintiff PAULA WILLIAMS while Ms. WILLIAMS was attempting to assist Ms. SCHULTE with respect to a dirty tray during beverage and snack service on Frontier Airlines Flight 2017.

31. Defendant's actions, swearing at and striking Ms. WILLIAMS hand,  qualify as threats of force onto Plaintiff, in which Defendant intended to threaten Plaintiff with bodily harm.

32. Defendant had the ability to cause Plaintiff bodily harm, by striking her.

33. These threats caused Plaintiff to have a reasonable apprehension of imminent harmful or offensive contact, as she believed that Defendant would strike her. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in excess of $75,000.00.

34. Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs.

35. The aforementioned actions of Defendant were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

### SECOND CLAIM FOR RELIEF
### BATTERY

36. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs herein and incorporates the same herein by reference.

///

///

37. On April 18, 2023, Defendant BRENDA SCHULTE became verbally and physically abusive to Plaintiff PAULA WILLIAMS while Ms. WILLIAMS was attempting to assist Ms. SCHULTE with respect to a dirty tray during beverage and snack service on Frontier Airlines Flight 2017.

38. Defendant acted with the intention to cause a harmful or offensive contact with Plaintiff by slapping her hand when Plaintiff attempted to hand her napkins to wipe down the tray.

39. Harmful and offensive contact directly resulted from Defendant's actions in slapping at Plaintiff's hand.

40. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in excess of $75,000.00.

41. Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs.

42. The aforementioned actions of Defendant were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint to include all items of damage not yet ascertained and for any causes of action which discovery may so provide, demands judgment against Defendants as follows:

1.  For a sum in excess of $75,000 as and for past and future medical expenses and wage loss;

2.  For a sum in excess of $75,000 as and for general damages for pain, suffering, mental distress, anguish and fear;

3.  For pre-judgment and post-judgment interest;

4.  For reasonable attorney's fees plus costs of suit;

COMPLAINT - 6

5.    For such other and further relief as the court may deem just and proper in the premises.

Dated this 14th  day of April, 2025.

> /s/ Sagar Raich
> SAGAR RAICH, ESQ.
> Nevada Bar No. 13229
> RAICH LAW PLLC
> 2280 E. Pama Lane
> Las Vegas, NV  89119
> Attorney for Plaintiff

COMPLAINT - 7