UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAULA WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>BRENDA SCHULTE, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>          Defendants. | Case No. 2:25-cv-00667-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Extend Time to Serve Summons and Complaint ECF No. 11. The Court grants Plaintiff's Motion. Plaintiff's Motion, together with the exhibits thereto, demonstrate that Plaintiff made substantial attempts to locate and serve Defendant who, it appears, first avoided service and now cannot be located.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). However, plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

A motion seeking an order allowing alternative service by publication must provide affidavits, declarations or other evidence demonstrating: (1) the due diligence that was undertaken to locate and serve the defendant; (2) the efforts made to locate and serve the defendant; (3) the defendant's known, or last known contact information; (4) the last known address, the dates during which the defendant resided at the location, and confirmation the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(b)(2), 4.4(c)(2); *see also Eko Brands, LLC v. Houseware Sols., LLC*, Case No. 2:20-cv-2076-RCJ-BNW, 2021 WL 4149016, at *2 (D. Nev. Aug. 20, 2021); *Gomez v. State Dep't of Bus. & Indus. Rels.*, Case No. 2:21-cv-01184-GMN-VCF, 2021 U.S. Dist. LEXIS 201074, at *2 (D. Nev. Oct. 19, 2021). Such request must state why service by publication comports with due process and, if service by publication is contemplated, include the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; and suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings. Nev. R. Civ. P. 4.4(c)(4)(A). The publication should "be reasonably calculated to give the defendant actual notice of the proceedings." *Id.* The service must be published at least once a week for a period of four weeks. *Id.*

Plaintiff establishes, through declarations and exhibits that substantial efforts have been made to locate and serve Defendant. Plaintiff's Motion provides all the information required by Nevada's Rule of Civil Procedure, including the language to be placed in publication and the publication through which notice is to be provided. The Court finds Plaintiff's Motion ensures publication is reasonably calculated to give Defendant actual notice of these proceedings.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time to Serve Summons and Complaint (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that the time within which to serve Plaintiff is extended to **November 18, 2025**.

IT IS FURTHER ORDERED that Plaintiff may serve Defendant by publication, by placing the following caption and summons in the Oregonian:

> To: Brenda Schulte, 9370 NE Gloucester Way, Hillsboro, OR 97124
>
> A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney whose name and address are: SAGAR RAICH, ESQ., BRIAN SCHNEIDER, ESQ. RAICH LAW PLLC 2280 E, Pama Lane, Las Vegas, NV 89119. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court. Allegations asserted in the Complaint: Assault against a flight attendant and Battery against a flight attendant. The relief sought: A sum as and for past and future medical expenses and wage loss; general damages for pain, suffering, mental distress, anguish and fear, for prejudgment and post-judgment interest, for reasonable attorney's fees plus costs of suit and for such other and further relief as the court may deem just and proper.

Plaintiff must consider and place the above caption and summons in any other publication reasonably calculated to give Defendant actual notice of the instant proceeding. The publication **must** occur in each identified periodical once a week for a period of four weeks after which service of process is deemed effected.

IT IS FURTHER ORDERED that under Nev. R. Civ. P. 4.4(d) Plaintiff **must** mail a copy of the Summons, Complaint, and Court Order to Defendant's last known address via first class U.S. mail and by certified mail to:

> Brenda Schulte
> 9370 NE Gloucester Way
> Hillsboro OR 97124

IT IS FURTHER ORDERED that because the Court finds Plaintiff has communicated with Defendant by text, **must** send Defendant the Summons, Complaint, and this Order to Plaintiff via text.

3

IT IS FURTHER ORDERED that:

1. Service by publication **must** commence such that it is completed no later than 90 days after the date of this Order; and,

2. Service by text **must** be made no later than 30 days after the date of this Order.

3. Service by mail **must** be made by first class and certified U.S. Mail no later than 30 days after the date of this Order.

IT IS FURTHER ORDERED that Plaintiff **must** file a notice of compliance no later than seven (7) days after (1) Plaintiff texts Defendant, (2) the Summons, Complaint, and a copy of this Order are placed in first class and certified U.S. Mail, and (3) the fourth and final service of process by publication is completed.

Dated this 12th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE